No. 44.—The Executors of Z. B. HARGROVES *et al.*, plaintiffs in error *vs.* JAMES NIX *et al.* defendants.

[1.] A party seeking relief, in either a Court of Law or of Equity, against an unconscientious act or agreement, must not only allege that a fraud has been committed by the defendant; but also that damage has resulted from such fraud, to the complainant. It is only where fraud and damage have been coupled together, that the injured party will be entitled to redress, in *any* Court of Justice.

In Equity, in Murray Superior Court. Decided by Judge JNO. H. LUMPKIN, April Term, 1853.

The facts of this case are as follows:

James Nix had been the owner of a lot of land in Murray county, which he had sold to one Bryan, giving bond for titles. Bryan subsequently transferred the bond to Hargroves and others, who took possession, and let the land to Wm. N. Bishop, as their tenant.

Nix subsequently commenced his action of ejectment against Bishop; and Hargroves and others filed their bill in Chancery, setting up their equitable title, praying that the ejectment suit be enjoined, and that Nix be decreed to make to them a deed, in conformity with his bond which they held. Upon the trial of this bill, the jury decreed for defendants.

The executors of Hargroves, who is deceased, and the other parties complainants in the aforesaid bill, then filed a bill in the nature of a Bill of Review, to set aside the decree rendered in the former cause, on the ground of fraud in the procurement thereof; and, for specification of fraud, they charge, that Wm. N. Bishop, who was their tenant, and who acted as their agent in the preparation and trial of the former cause, and on whom they relied, had colluded with the defendant, and had agreed with him, in consideration of receiving one fourth part of the land in dispute, to withhold testimony of complainants; and to operate on the public mind in the county, to the prejudice of complainants, and to help defendant strike the

The Executors of Z. B. Hargroves *et al. vs.* James Nix *et al.*

jury, &c.    The bill did not, however, aver any act or omission of Bishop, in pursuance of this agreement; nor did it state any specific injury which had been done their cause by him.

A demurrer being filed to the bill, as not showing any sufficient ground for the interference of a Court of Equity, was sustained by the Court, and the bill dismissed.

To which decision, complainants excepted.

WRIGHT, represented by PEEPLES and HULL, for plaintiffs in error.

UNDERWOOD, for defendants.

*By the Court.*—LUMPKIN, J., delivering the opinion.

[1.] It is not questioned but that the agreement, alleged in the bill to have taken place between Bishop, the tenant and agent of the complainants, and their adversary, was fraudulent. And had any injury resulted to the party, by reason of it, a Court of Equity would feel bound to interfere and grant relief.    But the bill neither charges in general terms, that the collusive arrangement was consummated, or that any damage accrued to the complainants on account of it.    Nor is there any allegation from which damage could be fairly inferred.— It is not alleged that Bishop withheld from the jury any proofs in his possession—that he was guilty of neglect in preparing the case, or superintending the trial; or, indeed, any other conduct which could have prejudiced the party.    It is not charged that Nix knew that Bishop occupied any fiduciary relation to Hargroves and the other assignees of the bond; or that the contract which he made, did not come to the knowledge of his principals, in time for them to counteract it; and that a verdict went against them, because of their ignorance of the covenous stipulation; or that a recovery could not have been obtained against them, but for this arrangement.    The bill is defective in these and many other particulars.    So that admitting the trust existed, still, under the circumstances, the par-

ties must abide by their own false confidence in others, without any aid from Courts of Justice.

It has been repeatedly ruled, that neither Courts of Equity nor of Law, sit to correct unconscientious acts, which are followed by no loss or damage. To support an action *at Law*, there must be a *fraud* committed by the defendant, and a *damage* resulting from such fraud to the plaintiff. (*Vernon vs. Keys*, 12 *East.* 637, 638.) So *fraud* and *damage* must be coupled together, to entitle the injured party to relief, in a Court of Chancery. (*Bacon vs. Bronson*, 7 *Johns. Ch. R.* 201. *Fellows vs. Lord Guydyr*, 1 *Simons* 63.)

Judgment affirmed.