JAMES L. POWELL et al., plaintiff in error, vs. JOSIAH C. POWELL, defendant in error.

A mother, gratuitously, conveyed the half of lot *one hundred and fifty-eight,* to one of her children, she intending to convey the half of lot *one hundred and fifty-seven.* She died intestate, leaving this child and other children, and this child filed a bill against her administrator, to correct the mistake.

*Held,* That he had no right to have the mistake corrected, the deed being voluntary.

In equity, in Marion Superior Court. Tried before Judge WORRILL, at September Term, 1858.

This was a bill filed by Josiah C. Powell, against James L. Powell and Martin L. Bivins, for the purpose of correcting a mistake in deeds.

The bill states, that at the sale of the estate of William Powell, deceased, made by complainant and Bivins, as executors of said William, the south half of lot of land No. 157, in the 32d district of Marion county, was purchased by Nancy Powell, the widow of testator, and mother of complainant; that by mistake, said land was described in the deed of conveyance made by complainant and Bivins, as executors to said Nancy, as the south half of lot No. 158; that said Nancy subsequently, by deed, made and delivered in her life-time, in consideration of natural love and affection, conveyed said premises to complainant, representing and describing the same as lot No. 158, when it was lot No. 157, and so intended and understood by all the parties in and to both said deeds.

The bill further states, that Nancy Powell, died in 1857, and complainant is in possession of said land, but that James L. Powell, as the administrator of said Nancy, claims the said south half of lot No. 157, as part and parcel of her estate and is threatening to sell a part thereof. The bill prays that said deed be reformed and corrected, and that James L. Powell be enjoined from selling said south half of lot 157, &c.

Powell and Bivins, demurred to the bill, for want of equity, and at the same time answered, that the deed from Nancy Powell to complainant, was voluntary and not upon valuable consideration, and that complainant was not therefore entitled to the relief sought, as against defendants as heirs at law with him, of said Nancy. It was admitted that James L. Powell and the wife of Bivins, and some three or four others, were the children of the said Nancy, who had departed this life, as stated in the bill, and that nothing had been said about the alleged mistake until since her death, and that complainant from the time said deed was executed, had been in possession of said lands.

The Court charged the jury, that complainant was entitled to have said mistake corrected and the deed reformed, although the consideration was voluntary. To which charge defendants excepted.

The jury found for the complainant, and decreed a reformation of the deeds as prayed for, &c.

Whereupon, defendants tendered their bill of exceptions, assigning as error, the charge of the Court above excepted to.

WELLBORN, JOHNSON & SLOAN, for plaintiffs in error.

BLANDFORD & CRAWFORD, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Was the charge of the Court, right? The charge was as follows: "That complainant was entitled to have said mistake corrected and the deed reformed, although the consideration was voluntary."

The deed here meant was doubtless, the deed made by Mrs. Powell to Josiah C. Powell the complainant. The real parties to the question, were this Josiah C. Powell, a child of Mrs. Powell, as plaintiff, and the other children of

Mrs. Powell, as defendants, the latter, represented by her administrator.    She died intestate.    And it was conceded, that if Josiah recovered the land meant, (as he alleged,) by the deed, he would get more than his share of the mother's estate.

The deed by mistake, conveying the half of No. 158, instead of the half of No. 157; the *legal* title to the half of No. 157, did not by it pass out of Mrs. Powell; and consequently, that title, when she died intestate, was cast by the law, on her heirs.

The question then is, was a Court of Equity authorized to interfere against the legal title thus held by all her heirs, in favor of one of those heirs, claiming by a defective voluntary deed?    And the answer, we think, must be, in the negative.

The general principle on this subject, governing Courts of Equity, is, that where the equities are equal, the legal title prevails.

In the present case, if there is any difference in the equities, it is a difference, in favor of the heirs of Mrs. Powell, and against her voluntary donee.    It is the dictate of equity and natural justice, that one's property should be bestowed on one's children, rather than on strangers; and, on those children, equally, rather than, unequally.    This is certainly so, if our statute of distributions be taken as the exponent of what is equity and natural justice; for that makes estates go to the intestate's children, and puts the children all on an equality.    According to this, then, equity would say to Josiah that he ought to be content to stand on the same footing with his brothers and sisters.    They in addition, have the legal title.    If, then, the general principle is to govern, they must be allowed to prevail over him.

Is there anything to take his case out of the general principle.    It is said that there is.    It is said in the first place, that the case of a voluntary conveyance in favor of a wife or children, is an exception to that principle.    But we are

not prepared to admit this proposition. The English decisions seem to be against it. *See* 1 *Stor. Eq. Sec.* 176, *and cases cited; Adams' Equity* 78. And if we were, this is not a deed in favor of children; it is a deed in favor of a child, at the expense of the children.

In the second place, it is said, that this case is like that of *Wyche and Wife vs. Greene,* (16 *Ga. R.*) and, that, in that case, this Court ordered the mistake in the deed to be corrected. But this case is not like that. In that case, taken as presented to this Court, the contest was between parties, all of whom, claimed under the very deed sought to be corrected.

According to the bill filed by some of the children, against Mr. Greene, the father, he held under the deed, under which they claimed. That deed, they insisted, was intended to be a deed giving a life estate to Mrs. Greene, and, by consequence, to him, Mr. Greene, and the remainder to her children; an intention, which they alleged was, by mistake, defeated, so far as the children were concerned, the deed being, by mistake, so expressed as to give the whole interest to Mrs. Greene. Mr. Greene, they insisted, was holding under this very deed. If he was, then, he was bound to let the deed have full effect, whether it was a deed with, or without, a valuable consideration, for it is a principle of law, that he who elects to claim under an instrument, must let the instrument have its full operation. The law will not suffer him, to set up so much of it, as makes in his favor, and reject the rest. By his election to claim under the instrument, he himself gives it validity in all its parts. If Mr. Greene had been claiming by *inheritance,* through his wife, the case would have been more like the present. The defendants to the present bill, claim as *heirs* of Mrs. Powell. They do not claim under the deed made by her, to Josiah C. Powell, their brother.

We see nothing, then, to take the present case out of the general rule, that when the equities are equal, the legal title

prevails. Consequently, we think, that the Court below, erred in its charge to the jury.

New trial granted.