THOMAS H. HARRIS *et al.*, plaintiffs in error, *vs.* B. DUB, defendant in error.

1. Where the proprietor of the Lanier House rented "the saloon or bar-room and fixtures" thereof from 1st of October, 1873, for one year, and contracted that the tenant "shall have the exclusive privilege of selling wines, liquors of all all kinds, and cigars and tobacco, *in said Lanier House*," and suit was brought on the rent-notes, and the tenant pleaded that he did not have the exclusive privilege of so selling, because another bar-room, rented to Engelke, was kept in the Lanier House, the question whether said latter bar-room is in the Lanier House, in the sense of the contract as understood by the parties, is for the jury; and a charge that "if Dub did not rent to Engelke, and had no control over the room occupied by him as a bar-room, even if the said Engelke did sell wines, etc., it was no breach of plaintiff's contract and will not avail the defendant," is too broad; the true question being, not whether Dub rented to Engelke but whether Harris, when he rented from Dub the bar-room he occupied, understood the words "Lanier House" in the contract, to include the whole building called Lanier House, embracing Engelke's bar-room, or only the hotel called by that name, and was authorized so to understand its meaning from what passed between Dub and Harris when the contract was made. The fact that Dub did not rent Engelke's bar-room and could not therefore control it, is a

very strong circumstance that he did not contract, and that Harris did not understand him to contract, that Engelke should not sell wines, etc., therein, but by itself it is not conclusive.

2. Testimony upon the point what *the Lanier House* ordinarily meant and included in common parlance, whether the entire building or only the hotel, was legitimate to illustrate the meaning which the parties attached to it in the contract.

3. The fact that the defendant quit the bar-room in March, offering the control to plaintiff, and that the plaintiff sent for the keys "some time" in August, and never tendered them back to defendant, was a presumption of the possession and dominion in August, and the rent should cease from that date, though plaintiff swore that he only took possession to paint the counter.

4. Where, notwithstanding such error in the charge of the court, the evidence, as a whole, satisfies this court that the verdict on the main question for the plaintiff was right, and would be and ought to be the same if tried over again, except for the short time from August to October, the judgment will be affirmed if the plaintiff will write off the rent for the last month; if not, a new trial must be granted.

Landlord and tenant.  Contracts.  Evidence.  New trial. Before Judge HILL.  Bibb Superior Court.  October Adjourned Term, 1875.

Reported in the opinion.

A. O. BACON; J. &. J. C. RUTHERFORD, for plaintiffs in error.

WHITTLE & GUSTIN; WASHINGTON DESSAU, for defendant.

JACKSON, Judge.

In this case Harris rented a bar-room in the Lanier House from Dub, and gave his notes at $90 00 per month therefor. The rent was for one year.  Harris abandoned the room in March, and notified Dub.  In August, some time, the date is not precisely fixed, Dub sent to Harris for the key, and never returned it.  He said, as a witness, that he sent for it to have the counter painted.  When Dub sued on the rent-notes Harris pleaded that he quit the bar-room because Dub had not prevented one Engelke from selling wines, etc., in the Lanier

House, according to contract.   Engelke rented a bar-room in the building known as the Lanier House, but not in the hotel of that name, and not from Dub, and the point in dispute was whether the contract bound Dub to keep Engelke from selling wines, etc.

The evidence may be slightly conflicting, but it is, we think, overwhelmingly in favor of the verdict except for the short time that Dub resumed possession of the bar-room by sending to Harris for the key, and that was some time in August, as Harris himself swore.   The court, we think, was too broad in his charge noticed in the head-notes, but as we think the verdict must always be for the plaintiff on the main question, we shall let it stand if plaintiff will write off one month's rent, $90 00, for September.   We put it at one month, because defendant swore he sent the key to plaintiff *some time* in August, and as his is the only evidence *as to the time,* we put it most strongly against him *to the last of August,* and only deduct one month's rent.   With this statement the case will be sufficiently understood by the head-notes.

Judgment reversed, with the direction that it stand affirmed if plaintiff will write off $90 00 from the entire rent.