## BOZEMAN *et al. vs.* COX *et al.* .

1. If a deed be declared void for fraud, the grantee holds alone as a trustee for the grantor and his heirs. Therefore, equity will not interfere to make such decree at the instance of a purchaser from one holding under a voluntary conveyance from such grantor of subsequent date to that sought to be set aside.
2. Defendant's grantor, under the facts stated, has a clear remedy at law.

Equity. Trusts. Before Judge LAWSON. Baldwin Superior Court. February Term, 1880.

C. P. CRAWFORD, for plaintiff in error.

SANDFORD & FURMAN, for defendants.

Reported in the opinion.

SPEER, Justice.

This is a complaint in ejectment filed by Wm. H. Cox, Tilley E. Cox, Tilley E. Bozeman, M. C. Davis, Sallie Davis and Mrs. Sallie B. Bozeman, against O. B. Bozeman, Henry Evans and Ambrose Griggs, to recover the possession of four hundred and five acres of land, being the place upon which Miss Patsy Smith died, lying and being in the 318th district of Baldwin county. The abstract of title appended is a deed of gift from Patsy Smith to R. L. G. Bozeman, executed in Fayette county, 15th September, 1859, and deed of gift from Patsy Smith to R. L. G. Bozeman, October 30th, 1857, to the land sued for.

I. W. Bozeman was made party defendant in place of O. Bozeman, tenant—and files his equitable plea, alleging

" that Patsy Smith owned the land in controversy and 37 slaves, which she designed to divide between her nephew, R. L. G. Bozeman, and niece, Mrs. M. I. Davis, by will. That R. L. G. Bozeman (of whom plaintiffs are the heirs at law), did by fraudulent practices and promises induce her to make the deeds named, wherein she reserved and retained for her natural life the use, occupancy and possession of said property. That the personal property was of greater value than the real—that the inducement, condition and consideration of said deeds was the promise of R. L. G. Bozeman to pay to said M. I. Davis $4,000.00 then and there made. That by reason of said promise and other fraudulent practices, Bozeman imposing upon Patsy Smith, and in fraud of the rights of M. I. Davis, carried the personal property to Alabama, where he used and converted the same till his death in 1861. That neither said Bozeman or his representatives have ever paid said $4,000, but on demand made therefor in 1871, by Patsy Smith, his representatives repudiated and denied said debt. Thereupon Patsy Smith being remediless by reason of non-residence of parties, elected to treat her deed as fraudulent and void for want of consideration as to the land in issue, and in 1871, in furtherance of her original design of providing for M. I. Davis, did execute her deed to said land of that date—and said Davis on the — day of 187– conveyed the same to defendant. Defendant prays that said deeds to Bozeman may be decreed to be null and void, and general relief. They admitted on the trial Patsy Smith was dead and that plaintiffs were heirs at law of R. L. G. Bozeman. To this equitable plea plaintiffs demurred, which was sustained and pleas stricken. Plaintiffs having recovered, a motion for a new trial was made on the ground that the court erred in sustaining the demurrer and striking the plea, which motion was overruled and defendants excepted.

1. The deeds from Patsy Smith to Bozeman, and also to M. I. Smith, are voluntary conveyances, both reserving

to donor the use of the lands for life. Plaintiffs in error seek by their plea to have the deeds made to Bozeman decreed to be void on the ground that they were fraudulently procured, for that Bozeman had failed to pay the $4,000.00 to M. I. Davis, which he had stipulated to do. If a deed is decreed to be void for fraud, the grantee holds *alone* as *the trustee for the granter and his heirs.* These plaintiffs in error do not appear or claim to be the heirs at law of Patsy Smith. They set up title in no such capacity. Whatever might be the rights of Patsy Smith were she in life, or her heirs were they seeking to avoid these deeds, we certainly know of no rule or authority to these plaintiffs in error to stand in her shoes. They are mere volunteers, and to such equity grants no relief in such a case. 6 *Ga.*, 618; 13 *Ga.*, 192. They are remitted to their legal remedies, and to these equity will leave them. 16 *Ga.*, 49; 27 *Ga.*, 36.

It is a case of *damnum absque injuria,* for which they cannot claim relief in a court of equity, appearing here as mere volunteers. 14 *Ga.*, 316; 6 *Ga.*, 472 ; 25 *Ga* , 244.

2. But admitting it to be true that Bozeman was to pay $4,000.00 to M. I. Davis as the consideration that Patsy Smith should execute the deeds upon which a recovery is sought, why should the aid of a court of equity be sought to aid these parties, when M. I. Davis has a clear, legal remedy against the estate of Bozeman to recover this $4,000.00, if such claim exists? It appeared when these deeds were executed Bozeman was a non-resident. He was dealt with as such, and as such M. I. Davis is entitled to his legal remedy, to recover of his estate. There is no allegation that his estate is insolvent. In both of these views we are clear that the demurrer to the pleas was properly sustained, and that the court committed no error in refusing the motion for a new trial. Let the judgment of the court below be affirmed.