PRATER *et al. vs.* SEARS, ADMINISTRATOR.

EQUITY, FROM HALL. Mistake. Specific Performance. Statute of Limitations.
(Before Judge Estes.)

Jackson, C. J.—1. Where a son, in 1866, accepted from his father and mother a conveyance purporting to be a voluntary gift of property, on the expressed consideration of love and affection, and held it until 1884, without any effort to correct any mistake in such expressed consideration, and, his parents having died in 1877, and the paper having been held to be testamentary in character, he filed a bill in 1884, alleging that the real consideration was that complainant should sell out his property in Texas, where he was living, remove to Georgia, and take care of his father and mother during their lives; and give them a decent Christian burial at their respective deaths, which he did, and that in consideration of love and affection, he had conveyed the land to his wife, who joined him in the bill, equity will not grant relief by correcting the original conveyance after such a lapse of time nor by decreeing a specific performance. Code, §§2924, 3094, 3125.

(a) If the deed was a mere voluntary conveyance, a mistake in it will not be corrected against heirs of the grantor, nor will a specific performance of it, when corrected, be decreed. 27 Ga., 36.

2. In order to recover damages in lieu of a specific permormance, when the latter cannot be had because the party has put it beyond his power, by his conduct, it is essential that a case for specific performance shou'' be made out, so as to give equity jurisdiction of the subject matter; otherwise the courts of law will have jurisdiction and can relieve; and if the account, which made the consideration of a promised deed, be out of date, equity will not seize jurisdiction to put it within date. If equity had jurisdiction for the purpose of correcting a mistake in the contract and compelling a specific performance, it would decree damages in lieu of property which could not be returned in kind.

(a) In this case, it appears that the complainant did not perform his part of the contract sought to be enforced, but that he kept accounts against his parents, swore to them, and presented them to his father's administrator. 71 Ga., 818; Code, §3187.

(b) In order to have a specific performance, the complainant must make a clear case, and the contract he sets up must be specific. Where the allegations of the bill were uncertain, confused and contradictory, the bill was demurrable. Code, §3187; 1 Ga., 818.

(c) This case differs from those in 23 Ga., 431; 28 Id., 61.
Judgment affirmed.

W. F. Findley; Dunlap & Thompson, for plaintiffs in error.
M L. Smith; H. H. Perry, for defendant.