## 11998. JOHNSON *v.* WATKINS.

JENKINS, P. J. 1. If, pending a tenancy, the landlord directly or indirectly resumes possession of the premises, by acts amounting to an actual or constructive eviction of the tenant, or if the tenant becomes dissatisfied and offers to surrender possession to the landlord, and the landlord thereafter resumes possession, or exerts a control over the premises inconsistent with the tenant's right of occupation, he thereby discharges the tenant from liability for future rent. A cancellation or rescission of the contract is thus effected by agreement of the parties, express or implied; and such "a surrender of a lease by operation of law may arise from any condition of facts voluntarily assumed by the parties and incompatible with the continued existence of the relation of landlord and tenant between them." *Rucker* v. *Tabor,* 126 *Ga.* 101, 102 (56 S. E. 124, 125). See also *Harris* v. *Dub,* 57 *Ga.* 77; *Ledsinger* v. *Burke,* 113 *Ga.* 74 (38 S. E. 313); *Gay* v. *Peak,* 5 *Ga. App.* 583, 584(3) (63 S. E. 650).

2. The mere taking of the keys of a house from the tenant or his agent by the landlord will not, of itself, "in the absence of other acts showing an intention to accept a surrender, operate in law to establish a valid implied surrender." This depends upon the circumstances. *Ledsinger* v. *Burke,* supra.; *Schachter* v. *Tuggle Co.,* 8 *Ga. App.* 561(2), 562 (70 S. E. 93). In the case at bar there was evidence from which the jury were authorized to find that no express or implied agreement amounting to a contract of rescission or valid surrender was ever affected.

3. Exception is taken to the admission in evidence of a letter from the landlord to the tenant, notifying her that he would not consent to her vacating the premises, and would expect the rent for the full term of the lease, because there was, at the time of its submission to the jury, a memorandum on the bottom of the letter, as follows: "Original delivered by W. T. Charles, 11 a. m. 1/18/18," and because no evidence from the person so purporting to have delivered the letter to the tenant was produced. The exception is not well taken, since the record shows that when the letter was offered the only objection made was that "there was no proof of service of the same on the defendant," and there appears other evidence of its delivery.

4. "One renting land from another becomes his tenant, although he may not own the land, and the relation of landlord and tenant exists, with liability to pay the landlord or his representative the amount due for

rent." *Morgan* v. *Morgan*, 65 *Ga.* 493 (3). Such a landlord may maintain an action in his own name for rent. *Spence* v. *Wilson*, 102 *Ga.* 762 (29 S. E. 713). In a suit of this character the tenant cannot dispute the title of the landlord. *Clark* v. *Long*, 25 *Ga. App.* 807 (105 S. E. ·654). In the instant case, while it appears that the plaintiff owned but one third of the premises, he made the rental contract and sued in his own name as landlord. The contention of the tenant, that the failure by the landlord to disclose such partial ownership amounted to fraud such as would justify a rescission of the contract, is without merit, the evidence of ownership being immaterial. Furthermore, except in case of a trust relationship, in order to rescind a contract for fraud a party must show injury (*Hargroves* v. *Nix*, 14 *Ga.* 316; *Johnson* v. *Giles*, 69 *Ga.* 652, 654); and even if under any possible circumstances the mere failure to disclose to the tenant the full ownership of the premises could amount to a fraud, there is nothing here to indicate that the tenant was or could have been injured thereby.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

Decided May 2, 1921.

Certiorari; from Gilmer superior court — Judge Humphries presiding. October 13, 1920.

*Thomas A. Brown,* for plaintiff in error. *A. H. Burtz,* contra.