### 12797. AMERICAN GRECIAN TURPENTINE CORPORATION *v.* HARPER.

STEPHENS, J. 1. This being a suit by a landlord against his tenant to recover damages for an alleged breach of the lease contract on the part of the tenant in failing to cut away and remove from around the trees on the rented premises, which had been rented to the tenant for turpentine purposes, all the grass and growth of any kind, where it is alleged that such duty rested upon the tenant by virtue of a general and universal custom obtaining in the community (which the defendant in his plea denied), and that by reason of the tenant's violation of this contractual obligation such grass and growth surrounding the trees caught fire and burned the trees, to the plaintiff's damage, and there being no evidence from which it could be inferred that there was such a custom or that such a custom was part of the contract, the verdict for the plaintiff was unauthorized. Evidence that the tenant had on a former occasion, while occupying the premises under the lease, raked such debris from around the trees, and that he assigned as his reason for his failure to do so in the present instance his inability to procure labor, and not that he was under no duty to the landlord to do so, and offered to pay for such labor if the landlord would procure the same, and evidence that turpentine operators in the neighborhood had had the debris removed from the trees upon the lands owned and operated by them, is insufficient to establish a contractual duty on the part of the tenant to perform such acts, and, even if sufficient to establish a custom, it is wholly insufficient to authorize the inference that such acts, when being performed by the tenants, were performed for the

benefit of the landlord and as the contractual duty of the tenant. Nor does it appear that such acts were of such universal practice as to amount to such a custom as would by implication become a part of the lease contract.

2. While a tenant is under a duty to exercise ordinary care and diligence to prevent damage to the rented premises, and such duty is by implication a part of the lease contract, the tenant is not under a duty to make any change in the premises as he finds them; nor is he under any duty, should the status be changed by the laws of nature, such as the falling of leaves or pine straw, or the growing of grass or other growths, during the period of occupancy, to restore the premises to the original status; and where as a result of such acquired condition of the premises the premises catch fire as a result of no act of the tenant, the tenant has not violated his duty to the landlord.

3. Applying the above rulings to the evidence, the verdict for the plaintiff was unauthorized. In view of this ruling, it is unnecessary to pass upon other questions raised in the motion for new trial.

　　　　　　　*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*
　　　　　　　DECIDED SEPTEMBER 26, 1922.

Action for damages; from city court of Savannah — Judge Freeman. May 26, 1921.

*Robert L. Colding,* for plaintiff in error.
*McIntire, Walsh & Bernstein,* contra.