## 19460. WRIGHT *v.* KILGO.

ARGUED SEPTEMBER 10, 1956—DECIDED OCTOBER 10, 1956—REHEARING DENIED NOVEMBER 15, 1956.

*Russell O. Clay, E. B. Jones*, for plaintiff in error.
*Donald B. Howe, Harold L. Murphy*, contra.

ALMAND, Justice. O. B. Kilgo brought an equitable action against W. H. Wright to enjoin the defendant from prosecuting two suits in a justice of the peace court on two notes signed by Kilgo and another, and to cancel these notes and other rent notes. On the trial of the case the jury returned a verdict in favor of the defendant, "with credits to plaintiff of $110 per month on notes to present date." On this verdict the court entered a decree denying the plaintiff's prayer for an injunction, and decreeing

satisfied and discharged 13 of the notes executed by Kilgo to Wright. The defendant's motion for a new trial as amended being denied, he prosecutes the case to this court.

■ The evidence discloses that Kilgo and another in January, 1952, executed to Wright 60 notes for $110 each, representing the monthly rent of two buildings rented by the defendant to the plaintiff and another. The plaintiff testified that in December, 1954, he moved out of and abandoned the premises and surrendered the keys to the defendant, the lessor, who accepted the keys and took possession of one of the buildings and moved some of his personal property into the same, and shortly thereafter rented the other building to another; that, since the plaintiff has moved out, he has never had any possession of the premises, nor did the defendant ever ask his permission to rent the building to the K & W Milling Co. The defendant testified that, though the lessee turned the keys over to him, he never agreed to release the lessee from his obligation to pay the rent notes, nor did he agree to accept the surrender of the premises, but subsequently demanded payment of the rent notes.

On the issue of whether or not there had been a surrender of the leased premises and acceptance by the defendant, the evidence was in sharp conflict. The effect of the jury's verdict and decree of the court was to cancel all the past-due notes up to the time of the trial. The rule in this State appears to be that if, pending a tenancy, the tenant becomes dissatisfied and offers to surrender possession to the landlord, and the landlord thereafter remains in possession or exercises a control over the premises inconsistent with the tenant's right of occupation, he thereby discharges the tenant from liability for future rent, and a cancellation or rescission of the contract is thus effected by agreement of the parties, express or implied. *Harris v. Dub,* 57 *Ga.* 77; *Ledsinger v. Burke,* 113 *Ga.* 74 (38 S. E. 313) ; *Rucker v. Tabor,* 127 *Ga.* 101 (56 S. E. 124) ; *Johnson v. Watkins,* 26 *Ga. App.* 759 (1) (107 S. E. 341). In the *Rucker* case, the plaintiff leased to the defendant certain land, and the defendant abandoned the same, whereupon the plaintiff placed tenants in possession of a part of the land that the defendant had rented and received rent from it. In affirming the grant of a nonsuit, this court held that, it appearing that the lessor did not refuse to receive the property, or notify

the lessee that he would hold him liable for the rent, but having taken possession of at least a part of the land, and having relet it, such amounted to a surrender and termination of the relation of landlord and tenant, and quoted with approval from 2 McAdam on Landlord & Tenant (3d ed.), pp. 1285-86: "If a landlord relets the premises, without notice to the tenant that it is on his account, it dispenses with a formal surrender on the part of the tenant." *Rucker* v. *Tabor*, 127 *Ga.* 101, 102 (supra). There is no evidence in the instant case that the defendant lessor ever gave any notice of his intention to relet a part of the premises to the K & W Milling Co. Under the evidence, the jury would have been authorized to find that the plaintiff was entitled to a cancellation of all the rent notes, and having found that he was only entitled to cancellation of the rent notes up to the time of the trial, their verdict constitutes no ground for complaint on the part of the defendant. The general grounds of the motion for a new trial are without merit.

■ Grounds 2 and 3 of the amended motion, which are the only amended grounds relied on, complain of the court's charge to the jury that, if they should determine from the evidence that the defendant did not either impliedly or expressly, or by acquiescence, agree to a termination of the lease, and should further find that the defendant took over the premises to protect the property and rented it to minimize the claim the defendant had against the plaintiff, they should have then determined from the evidence the sum, if any, that the plaintiff was entitled to receive as a credit against such claim. The defendant says that this charge was error because it injected an issue which was not raised by the pleadings or the evidence, and that there was no evidence from which the jury could have ascertained how much credit should have been allowed the plaintiff other than the amount of $25 per month which the K & W Milling Co. paid to the defendant as rent, and which had been credited on the notes, and that the allowance of $110 per month was unauthorized by the evidence. Though the pleadings may not have raised the issue of whether or not the plaintiff was entitled to such credits, such issue was made by the evidence, and under the evidence the court correctly charged the jury on the question of credits; and there being evidence under which the jury would have been au-

thorized to cancel all the notes, we cannot say that the charge as given injured the defendant.

The evidence supports the verdict, and no error of law appearing, it was not error to deny the amended motion for a new trial.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*