41512. STONE MOUNTAIN INDUSTRIES, INC. v. BENNETT.

ARGUED SEPTEMBER 10, 1965—DECIDED SEPTEMBER 30, 1965—REHEARING DENIED OCTOBER 18, 1965.

Fine & Rolader, D. W. Rolader, for plaintiff in error.

Long, Weinberg & Ansley, Powell, Goldstein, Frazier & Murphy, Gregg Loomis, contra.

NICHOLS, Presiding Judge. 1. The defendant filed numerous

special demurrers as well as general demurrers to the petition. The defendant argues the general demurrers but as to the special demurrers states in its brief: "With respect to the special demurrers to the petition, we respectfully submit that these demurrers are sufficiently self-explanatory and we feel it unnecessary to burden the court with detailed argument with respect to them. We contend that each and every one of the special demurrers are good and should be sustained."

" 'Assignments of error not insisted upon by counsel in their briefs or otherwise argued in this court will be treated as abandoned. A mere recital in the brief of counsel of the existence of an assignment of error, without argument or citation of authorities in its support, is insufficient to save it from being treated as abandoned. *Head v. Lee,* 203 Ga. 191 (5) (45 SE2d 666) and citations.' *The B-X Corporation v. Jeter,* 210 Ga. 250 (4) (78 SE2d 790)." *Stuart v. Berry,* 107 Ga. App. 531, 537 (130 SE2d 838). See also *Muse v. Hall,* 18 Ga. App. 651 (3) (90 SE 222). Accordingly, the questions presented as to the defendant's general demurrers are the sole questions presented for decision and the defendant's special demurrers are treated as abandoned.

2. Both counts of the plaintiff's petition allege various acts on the part of the defendant which "set up" the premises for a fire and in each count alleged a different "spark" as the force which ignited the fire. The gist of the plaintiff's petition is the original negligence in "setting up" the premises for a fire—not the permitting of the spark. No negligence is charged to the defendant because the truck had defective wiring or because an employee was smoking, but rather the acts of the defendant, which are alleged to be negligence, created a situation which, combined with the "spark," caused the damage to the plaintiff's property. In *Stuart v. Berry,* 107 Ga. App. 531, 537, supra, it was held: "Upon the principle that persons are responsible for the usual and natural results of their acts, one may be liable for an injury resulting from his negligence although he could not reasonably have anticipated the particular injury inflicted, or that the particular person would be injured. *Mitchell v. J. S. Schofield's Sons Co.,* 16 Ga. App. 686 (85 SE 978). If his

negligence puts in motion other causal forces which are the direct, natural and probable consequences of his original act, then he may be liable although he did not foresee the precise forces through which his negligence would travel and act upon the injured person. *Louisville &c. R. Co. v. Ellis*, 54 Ga. App. 783 (189 SE 559). For the act of another to insulate the first wrongdoer from the result of his negligence, it must appear that the second act is in and of itself sufficient to stand as the cause of the misfortune. *Atlanta &c. R. Co. v. Reese*, 28 Ga. App. 275 (110 SE 750); *Spires v. Goldberg*, 26 Ga. App. 530 (106 SE 585). 'One who negligently creates a dangerous condition cannot escape liability for the natural and probable consequences thereof, although the innocent act of a third person may have contributed to the result.' 38 Am. Jur. 731, Negligence, § 73. The defendant here must be presumed to have known that electricity travels along metal surfaces; that unless properly insulated the electric charge would travel to the metal portions of the dock, and that a person touching one of such portions would be likely to sustain injury. It is true that the danger may have been increased by the fact that the metal ladder connected the dock railing with the lake water, but the installation of the ladder was not alleged to have been a negligent act. The defendant should have anticipated danger from his negligence; the fact that the precise location of the point of impact on the decedent was unknown to him, or even the fact that it did not exist at the time he allegedly created the dangerous situation, is not a defense in law. 'If the negligent act of a person is according to human experience calculated to induce or invite disaster through the negligence of another, he cannot rely upon the doctrine of an intervening cause to insulate him from liability.' *Smith v. Harrison*, 92 Ga. App. 576, 582 (89 SE2d 273)."

Paragraph 10 of the lease provided in part: "Lessee agrees to return said premises to lessor at the expiration of this lease in as good condition and repair as when first received, natural wear and tear, damage by storm, fire, lightning, earthquake or other casualty alone excepted." It is contended that by this provision of the lease the lessor "contracted away" his right to recover for the negligence of the lessee.

In *Oakland Motor Car Co. v. Rippey Motor Co.*, 41 Ga. App. 784 (154 SE 823), it was held that the word "casualty" in a similar lease referred to an incident more properly described as an accident or other event not to be foreseen or guarded against. In construing the whole sentence referred to by the defendant as exonerating it from its own negligence it must be held that the reference to "fire . . . or other casualty" refers to a fire deemed to be a casualty and not one caused by the lessee's negligence.

3. The plaintiff's petition set forth various ordinances of DeKalb County, Ga. (in which county the building was located), and charged the defendant with negligence in failing to comply with such ordinances.

One of such ordinances required that "Accumulations of waste paper, hay, grass, straw, weeds, litter or combustible or flammable waste or rubbish of any kind shall not be permitted to remain upon any roof or any court, yard, vacant lot or open space. All weeds, grass, vines or other growth, when same endangers property, or is liable to be fired, shall be cut down and removed by the owner or occupant of the property." As pertinent to this particular ordinance and its violation the petition alleged that in the process of manufacturing furniture the defendant sprayed unfinished furniture with paint and varnish in two spray booths, one on each side of the loading door, that each of the spray booths was connected to an exhaust pipe which contained an electric blower which blew some of the paint and varnish spray outside the plant and onto the ground, that the defendant had allowed weeds to grow up in heights from two to four feet in the area immediately adjacent to the loading area, and that weeds had become coated with paint and varnish from said spray booths. It was also alleged that the main component of the paint and varnish is nitro-cellulose, a highly inflammable substance.

In support of its demurrers to the allegations of negligence dealing with such paint and varnish covered weeds the defendant relies upon the case of *American Grecian Turpentine Corp. v. Harper*, 29 Ga. App. 101 (114 SE 224), where it was held that it was not the duty of the tenant to cut or remove grass

and other growing vegetation during the period of tenancy. Such case is not authority to support the defendant's position in the present case where combined with the growing weeds the defendant permitted such weeds to become covered with the highly inflammable substance, where an ordinance required such weeds to be cut, and where under the terms of the lease the lessee, who was alleged to be in exclusive possession of the premises, was to "comply with all requirements of any legally constituted public authority made necessary by the lessee's occupancy of said premises."

Under the allegations of the petition the defendant was negligent in not complying with the fire prevention ordinances quoted above relating to cutting of weeds and so forth as well as those alleged in the plaintiff's petition dealing with the collection and removal of wood shavings, etc., fire fighting equipment, no smoking signs, etc. The trial court did not err in overruling the defendant's general demurrers on such grounds.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*