23131. HOLMES v. TESTWORTH LABORATORIES, INC.

SUBMITTED SEPTEMBER 15, 1965—DECIDED OCTOBER 7, 1965.

*O. W. Roberts, Jr., Tisinger & Tisinger,* for plaintiff in error.
*Gilbert & Head, Aubrey W. Gilbert,* contra.

GRICE, Justice. We are concerned here with a landlord's petition seeking to enjoin the sale and removal of his tenant's equipment and also seeking to recover damages for repair of the premises. The landlord, L. W. Holmes, instituted action against the tenant, Testworth Laboratories, Inc., in the Superior Court of Carroll County. The suit was terminated by the sustaining of the tenant's general demurrers.

The essential allegations of the original petition are the following: The lease contract, which embraced a building on certain described land, ran from September 1, 1955, to August 31, 1965. One of its stipulations provided that ". . . [the tenant] covenants not to encumber by mortgage, lien, or other instrument creating a lien on the machinery and equipment installed on the premises during the term of this lease . . ." However, the tenant has contracted to sell and dispose of all its machinery and equipment on the premises to George R. Brunt and Associates (hereinafter referred to as "Brunt"), and is now dismantling it and preparing to vacate the premises. The tenant has made various structural changes, has abused and damaged specified portions of the building, and is preparing to vacate and terminate the lease on August 31, 1965, without making repairs. This is in violation of the lease provision, "At termination of this lease, . . . [the tenant] shall surrender premises . . . thereof to . . . [the landlord] in same condition as at commencement of term, natural wear and tear only excepted." An estimate of repairs necessary to restore the premises shows that materials and labor will amount to $27,000. The landlord has requested that the tenant deposit in escrow sufficient money to

restore the premises to their original condition and that no machinery be removed until such deposit is made. The tenant has ignored this request, has continued to dismantle all machinery and equipment, and is now preparing to remove it by outright sale to Brunt. Such a sale is in direct violation of the stipulation not to encumber.

The tenant has no assets within this State except this machinery and equipment, and should it be sold and disposed of the landlord would not have an adequate remedy at law to collect the rents accruing on June 1, July 1, and August 1, 1965, or the money required to restore the premises to their former condition. Unless the tenant is restrained and enjoined from violating the foregoing provisions of the lease contract the landlord will suffer irreparable injury and harm. The prayers, in addition to process and rule nisi, were that the tenant be temporarily restrained and temporarily and permanently enjoined from selling, removing or disposing of the machinery and equipment unless the premises have been restored to their former condition; and for general relief.

By amendment the following additional allegations were made. The purported sale by the tenant to Brunt is a breach of the stipulation against encumbrance, above quoted; such stipulations were duly recorded on September 13, 1960, in a specified book and page in the office of the Clerk of the Superior Court of Carroll County, and such recording was actual notice to Brunt of the stipulation; the purported sale was made to hinder, delay and defraud the landlord of this equipment as collateral security for the performance of the lease contract; and the tenant has no property of any substantial value within this State, other than the machinery and equipment, to answer any forthcoming judgment. Additional prayers were that the purported sale to Brunt be set aside and that the landlord be awarded a specified sum for labor and materials to repair the premises damaged by the tenant.

The tenant renewed its demurrers previously filed to the original petition, and interposed additional ones.

The trial court thereupon entered an order sustaining all grounds of the general demurrers.

■ The petition did not set forth a cause of action for the

legal relief sought, the money judgment for repairs. In this respect the petition was premature. Between its filing on June 1, 1965, and expiration of the lease on August 31, 1965, the tenant could effect whatever repairs were necessary and thus surrender the premises in the condition called for by the contract. Thus the landlord may not sustain any damages. Furthermore, from the option given in the lease agreement, it appears that the tenant may, before expiration of such agreement, become the owner of the premises.

■ Nor did the petition allege the basis for any equitable relief prayed. From the amendment it appears that the sale which the original petition sought to enjoin has already taken place; hence, the issue as to injunction has become moot. As to the amendment seeking the setting aside of that sale, no basis for that relief is plead. What was stated in Division 1 as to prematurity applies here also. At most, mere apprehension of injury is plead. Hence no need appears for any of the equitable relief sought.

For the reasons stated above, the judgment sustaining the grounds of general demurrer was correct, and it is therefore

*Affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*