45132. CUNNINGHAM v. SINCLAIR OIL CORPORATION.

SUBMITTED MARCH 4, 1970—DECIDED APRIL 7, 1970—
REHEARING DENIED MAY 1, 1970.

*Orville G. Harrington, Louis D. Yancey, Jr.,* for appellant.
*Powell, Goldstein, Frazer & Murphy, John T. Marshall, Randall L. Hughes, Henry M. Murff,* for appellee,

HALL, Presiding Judge. Plaintiff and defendant Sinclair Oil executed a 15-year lease to plaintiff's property in May of 1966. After certain improvements were made, Sinclair in turn subleased this property to defendant Prewett who actually operated the gasoline service station. In April of 1968 there was a fire on the premises. The lessor made the necessary repairs in the amount of $4,245. In July of 1969 he brought suit against both the lessee and sublessee, alleging that either or both had negligently damaged his property. The lessee answered that under the terms of the lease, the cost of repairs is to be borne by the lessor, and alternatively, the suit is premature until the expiration of the lease. Lessee was granted a summary judgment. The order recited that there was no evidence or admitted fact sufficient to sustain any verdict or judgment in favor of lessor.

Lessee designates as relevant the followinug portions of the lease: "Lessor covenants and agrees to maintain, at its expense, in good condition and repair the buildings, improvements, structures, driveways, and other property hereby leased. . . Should lessor's said property, or any portion thereof, be destroyed or so damaged by fire or other casualty as to become unfit for occupancy or use, lessor shall have sixty (60) days after notice from lessee so to do within which to repair, rebuild or replace the damaged or destroyed property. . . Lessee agrees to return said premises to lessor at the termination of this lease in as good condition as when received, natural wear, tear and deterioration because of use, time and the elements, causes beyond the control of lessee, and repairs and replacements for which lessor is obligated, excepted."

Lessee contends that the lessor's general obligation to repair is not only determined by statute, but by the lease itself; that he has further expressly undertaken (by the 2d clause quoted above) to make repairs necessitated by fire; and that "fire" broadly covers even those caused by the negligence of lessee.

All this is true—as far as it goes. The usual allocation of a casualty loss to the owner of real property, with the concomitant obligation to repair, is rooted in sound policy based on the probable location of casualty insurance. As between the lessor and lessee *in these roles,* the lessor has the obligation, and in fact, if he refused to make the necessary repairs, by the terms of the lease the rent would abate. However, in the absence of a contractual provision specifically waiving it, the liability of the lessee *as a tortfeasor* to the injured *owner* of the property is unaffected. To follow the lessee's reasoning would produce the result that while an owner would always be obligated to bear the cost of repair, if the damages were caused by the negligence of some third party the owner would have a remedy, but if caused by the lessee, he would not.

Another difference, of course, is that damage caused by negligence is not a "casualty." (A casualty was defined as unforeseen circumstances not to be guarded against by human agency, and in which man takes no part in *Oakland Motor Car Co. v. Rippey Motor Co.,* 41 Ga. App. 784 (154 SE 823)). A contrac-

tual obligation to repair property destroyed by a casualty is not a contracting away of the right to recover for the negligence of the lessee. *Stone Mountain Industries v. Bennett,* 112 Ga. App. 466 (145 SE2d 591).

For similar reasons, the lessee's contention that the suit is premature is also inapposite. The trial court apparently granted summary judgment on the authority of *Holmes v. Testworth Laboratories,* 221 Ga. 447 (145 SE2d 240). There the court held that a suit for breach of the provision in the lease calling for surrender of the premises in a certain condition was premature before the termination date as the lessees could still do whatever was necessary to comply. *Holmes* was not a tort action. It was a contractual action for anticipatory breach.

The trial court erred in granting summary judgment to the lessee.

*Judgment reversed. Deen and Evans, JJ., concur.*