### 26030. SORRELLS v. SMITH et al.

Hawes, Justice. In this action the plaintiff sought to have a deed of gift executed to her by her mother and conveying to her a portion of a tract of land, known as the "Mose Brantley place," reformed and an alleged deficiency in acreage in the entire tract apportioned between her and her brother to whom the grantor, concurrently with the making of the conveyance to plaintiff, deeded the remaining portion of said tract. The trial court, in the judgment appealed from, denied the plaintiff's motion for a summary judgment and granted a summary judgment to the defendants.

The deed which the plaintiff seeks to have reformed recites that it "is made as a part of the division of the lands belonging to the estate of T. J. Smith, Sr., and grantor herein, individually and as beneficiary under his will." It appears from the pleadings, affidavits and other documents introduced in support of the motions for a summary judgment that the plaintiff is one of several children of T. J. Smith, Sr. No copy of the will of T. J. Smith, Sr., was introduced in evidence, nor was there any evidence as to the extent of his estate, nor was there any evidence adduced which in any wise tended to show that the plaintiff was entitled to receive, either under the will or as heir, of T. J. Smith, Sr., any particular proportion of his estate. Under the provisions of *Code Ann.* § 81A-156 (e), the burden was on the plaintiff to introduce evidence of facts showing that she was entitled to recover if she was to successfully resist the defendants' motion for a summary judgment. *Stone Mountain Memorial Assn. v. Herrington,* 225 Ga. 746 (1) (171 SE2d 521). This she did not do.

The tract divided by the defendant, Mamie Welch Smith, between the plaintiff and the other defendant, Herschel L. Smith, was thought to contain 102½ acres, and the deeds executed contemporaneously by her to the plaintiff and to the plaintiff's brother, Herschel L. Smith, purported to convey to the plaintiff 70 acres and 32½ acres to Herschel L. Smith. Plaintiff contends that a subsequent survey of the entire Mose Brantley place disclosed that instead of 102½ acres it contained only 95.25 acres, and that, as disclosed by the survey had after the making of the deeds, the defendant, Herschel L. Smith, is in possession of 32.41 acres and plaintiff is in possession of only 62.84 acres. The deficiency in the amount of land conveyed to her is thus, as she contends, disproportionate to the deficiency in acreage received by Herschel L. Smith. The record also disclosed, however, that there were several other tracts of land in the T. J. Smith estate which were divided by Mamie Welch Smith among the children of T. J. Smith, Sr., but no evidence was introduced which in any manner tended to show what proportion of the estate of T. J. Smith, Sr., plaintiff was entitled to receive or that the tract of land in question constituted her

only distributive portion thereof, or that she did not in fact receive other portions of his estate either in lands, money or other property. Under all the facts and circumstances appearing, the plaintiff occupied, at most, the position of a mere volunteer. *Mitchell v. Mitchell,* 40 Ga. 11, 15. It is well settled in this State that a court of equity has no power to grant relief by way of reforming a deed at the behest of a volunteer. "This rule is based upon the reasonable proposition that the volunteer has no claim on the grantor. If there is a mistake or a defect, it is a mere failure in a bounty, which, as the grantor was not bound to make, he is not bound to perfect." *Adair v. McDonald,* 42 Ga. 506, 507. See *Powell v. Powell,* 27 Ga. 36 (73 AD 724); *Bozeman v. Cox,* 66 Ga. 67, 69; *Turner v. Newell,* 129 Ga. 89, 91 (58 SE 657). It follows that the trial court did not err in denying plaintiff's motion for a summary judgment and in granting the defendant's motion for a summary judgment.

*Judgment affirmed. All the Justices concur, except Felton, J., who concurs in the judgment only.*

SUBMITTED SEPTEMBER 15, 1970—DECIDED JANUARY 22, 1971—
REHEARING DENIED FEBRUARY 15, 1971.

*Casey Thigpen,* for appellant.
*Irwin L. Evans, M. W. Dukes,* for appellees.