50923. VINEYARD VILLAGE-GEORGIA, INC. et al. v. CRUM et al.

STOLZ, Judge.

Arby's, Inc. (Arby's) was a tenant of Crum under a 1968 20-year lease. The business on the premises was operated by Arby's franchisee and subtenant, Univest of

Atlanta, Inc.-Bishop (Univest). Upon Arby's default and inability to make the lease payments, Crum wrote Arby's on February 18, 1971, declaring the default and giving a 30-day termination notice. On February 20, Arby's terminated and rescinded the lease and delivered the premises to Crum, who paid Arby's for the inventory on the premises and the cash in the registers.

On February 23, Arby's filed for bankruptcy in Ohio. The February 24 order of the bankruptcy court recited that "[A]ll creditors, franchisees, landlords and shareholders of debtor, . . . are jointly and severally enjoined and stayed from doing any act or thing whatsoever to interfere with the possession or management by debtor of its property, assets and effects . . . and all persons, firms, and corporations owning any lands or buildings occupied by debtor or wherein is contained any property of the estate of debtor, be, and they hereby are stayed from removing or interfering with such property."

On March 31, 1971, Crum leased the premises for 20 years to the former franchisee, Univest, the latter's obligations under which being guaranteed by B-R Enterprises, Inc. (B-R). On February 15, 1972, the lease was amended, whereby Crum made certain improvements to the premises with a corresponding increase in the rental rate. On November 7, 1972, Vineyard Village-Georgia, Inc. (Vineyard Village) expressly assumed Univest's obligations under the March 31, 1971 lease, paying rental thereunder. Crum obtained a first lien on equipment, signs, furniture, fixtures, supplies and inventories on the premises, purchased from Univest by Vineyard Village, and gave Univest a security deposit. Effective July 26, 1973, Vineyard Village merged with RTM Enterprises, Inc. (RTM), which latter successor corporation assumed the obligations of the lease.

On December 3, 1973, the bankruptcy court entered an order rejecting any interest in the original 1968 lease, ordering a quitclaim deed transferring any interest therein to Crum. RTM ceased paying rent, vacated the premises, and removed the property on which Crum had a first lien.

Crum brought the present action against defendants Univest, B-R, Vineyard Village and RTM for breach of the 1971 lease contract and damages for the value of the mortgaged property removed. After a bench trial, the judge found for the plaintiff against defendant Vineyard Village in the amount of $189,366.08; against defendant RTM in the amount of $203,228.08 (including damages for repairs, protective measures, punitive damages and attorney fees as sought); against defendant Univest in the amount of $189,366.08, with the provision that RTM and Vineyard Village are liable over to Univest in this amount; and against defendant B-R in the amount of $189,366.08, with the provision that RTM and Vineyard Village are liable to B-R in this amount. Defendants Vineyard Village and RTM appeal.

1. The trial judge's finding that the plaintiff was not subject to the bankruptcy court's February 24, 1971 order was authorized by the evidence that the lease with Arby's had been terminated by agreement on February 20, 1971, with possession of the premises and the key being surrendered to the plaintiff, who operated a business thereon until he leased the premises to another tenant on March 31, 1971. "The rule in this State appears to be that if, pending a tenancy, the tenant becomes dissatisfied and offers to surrender possession to the landlord, and the landlord thereafter remains in possession or exercises a control over the premises inconsistent with the tenant's right of occupation, he thereby discharges the tenant from liability for future rent, and a cancellation or rescission of the contract is thus effected by agreement of the parties, express or implied. *Harris v. Dub*, 57 Ga. 77; *Ledsinger v. Burke*, 113 Ga. 74 (38 SE 313); *Rucker v. Tabor*, 127 Ga. 101 (56 SE 124); *Johnson v. Watkins*, 26 Ga. App. 759 (1) (107 SE 341)." *Wright v. Kilgo*, 212 Ga. 712, 713 (95 SE2d 7). The case of In re Lane Foods, Inc., 213 FSupp. 133 (S.D. N.Y. 1963), urged by the appellants as authority to the contrary, is distinguishable in that there the debtor was in possession of the premises at the time of the bankruptcy.

2. It was not error to award the plaintiff landlord damages for future ad valorem taxes, which the lease

designated as additional rent ( *Holder v. Southern Cotton Oil Co.,* 34 Ga. App. 66 (128 SE 220)) and for repairs for damage to the premises while the tenant was in possession. *Smith v. Top Dollar Stores,* 129 Ga. App. 60 (2) (198 SE2d 690); *Cunningham v. Sinclair Oil Corp.,* 121 Ga. App. 722 (175 SE2d 46); *Stone Mtn. Industries v. Bennett,* 112 Ga. App. 466 (2) (145 SE2d 591).

3. The trial judge did not err in awarding the plaintiff landlord exemplary damages and attorney fees where defendant RTM not only removed the property in which he had a security interest, but also intentionally removed his electrical panel and wiring and cut down his light poles. See Code §§ 105-2002, 20-1404; *Standard Oil Co. v. Mt. Bethel United Methodist Church,* 230 Ga. 341 (196 SE2d 869); *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522, 527 (191 SE2d 317).

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

SUBMITTED SEPTEMBER 8, 1975 — DECIDED OCTOBER 7, 1975 — REHEARING DENIED OCTOBER 24, 1975.

*Swift, Currie, McGhee & Hiers, Clayton H. Farnham,* for appellants.

*Shoob, McLain, Jessee, Merritt & Lyle, Marvin H. Shoob, Lefkoff & Hanes, Joseph Lefkoff,* for appellees.