### 17598. PATTERSON *v.* PARRISH.

The judge of the city court of Valdosta having authority, under the act of 1901 as to that court (Ga. L. 1901, p. 178), to do all acts which judges of county courts are authorized to do, and judges of county courts being authorized to take affidavits in garnishment proceedings, and to issue summons thereon, he has authority to take such affidavits and issue such summons, although the act further provides that "garnishment proceedings in said city court shall be conformable to the laws of this State on the subject in the superior court," this latter provision being manifestly intended to refer to the method of procedure where garnishment has been instituted, and not to the authority to institute such a proceeding.

Appeal and Error, 3 C. J. p. 689, n. 41; p. 742, n. 3; p. 752, n. 86. Courts, 15 C. J. p. 987, n. 83 New.

Other questions, first raised in the brief of counsel in this court, can not be considered.

DECIDED NOVEMBER 15, 1926.

Motion to vacate judgment; from city court of Valdosta— Judge Cranford. July 6, 1926.

*Franklin & Langdale,* for plaintiff in error.

*Little & Dickerson,* contra.

JENKINS, P. J. 1. Except as to questions óf jurisdiction, the authority of the Court of Appeals for the correction of errors is limited to the consideration of questions raised on the trial in the court below, and this court is without authority to determine questions not there raised and which are presented for the first time in this court. *Evans* v. *Edenfield,* 7 *Ga. App.* 175 (3) (66 S. E. 491). The only attack made upon the judgment in the garnishment proceeding in the court below and presented by the bill of exceptions being that the judge of the city court of Valdosta was without jurisdiction to take the affidavit and issue the summons of garnishment, the other questions raised for the first time in the brief of counsel can not be considered.

2. The act of the General Assembly of 1901 (Ga. L. 1901, p. 178) provides that the judge of the city court of Valdosta shall have authority to do all acts which the judges of the county courts of this State are authorized to do. Judges of the county courts are authorized to take affidavits in garnishment proceedings, and to issue summons thereon. Accordingly, the judge of the city court of Valdosta is likewise clothed with such authority. The authority thus granted is not inferentially or by implication nullified by the further provision of the act that "garnishment proceedings in said city court shall be conformable to the laws of this State on the subject in the superior court." To give the last-quoted provision of the act the interpretation contended for by plaintiff in error would be to render it self-contradictory and ineffective. The contention is that since, under sections 5268 and 5269 of the Civil Code governing such a proceeding in the superior courts, the affidavit can only be taken before, and the summons issued by, one of the officers authorized by the code to issue attachments, and since under section 5056 judges of city courts are not enumerated among those authorized to issue attachments, the judge of a city court can not, therefore, take affidavit for and issue sum-

mons of garnishment. The manifest purpose and intent of the quoted provision of the act must be taken to refer to the method of procedure where garnishments have been instituted, rather than to the authority conferred to institute them. Since the act confers upon the judge of the city court of Valdosta all authority vested in the judges of the superior courts, including express authority to issue attachments, he is clothed with all powers incident to such delegation of authority, including jurisdiction to take affidavits for and issue summonses of garnishment; and the quoted provision of the act merely requires that all subsequent proceedings therein shall conform to the regulations prescribed for such matters in the superior courts.

*Judgment affirmed. Stephens and Bell, JJ., concur.*