42001, 42002. TAYLOR v. R.O.A. MOTORS, INC.; and
vice versa.

ARGUED MAY 2, 1966—DECIDED NOVEMBER 7, 1966—REHEARING DENIED NOVEMBER 28, 1966—

*Swift, Currie, McGhee & Hiers, Warner S. Currie, Harvey & Rhodes, E. C. Harvey, Jr.,* for appellant.

*Woodruff, Savell, Lane & Williams, Edward L. Savell,* for appellee.

FRANKUM, Judge. James H. Taylor sued R. O. A. Motors, Inc. for damages resulting from the destruction by fire of certain leased premises owned by him and leased to the defendant. In the same action he also sought to recover rentals due for the remainder of the term of the lease contract. The petition was in one count. It was alleged that on December 1, 1960, plaintiff, as lessor, and defendant, as lessee, entered into a written contract, a copy of which was attached to the petition, by which the defendant leased plaintiff's building and the parcel of land on which it was located to be used for selling new and used cars, parts and service, the term of such lease to run from January 1, 1961, to December 31, 1965; that the defendant went into possession of the premises and occupied the same and paid rent thereon until October 30, 1961, on which date the building was extensively damaged by fire resulting from the negligence of the defendant's employees; that thereafter the defendant continued to occupy the premises until December 15, 1961, at which time the defendant without notice to the plaintiff abandoned the premises, breached the lease and failed and refused to make repairs to the rented premises as required by the terms of the lease. Plaintiff sought to recover the alleged diminution in the value of the premises resulting from the fire and the rental for the remaining term of the lease. (No question is presented on this appeal as to whether the petition thus drawn in a single count was duplicitous or contained a misjoinder of causes of action.) The defendant filed an answer in which it admitted entering into the lease contract with the plaintiff but denied that it negligently caused the damage or destruction of the premises or that it in any way breached the lease contract. On

the trial of the case the jury returned a verdict for the defendant. The plaintiff made a motion for a new trial which was overruled, and he appealed to this court, and in this enumeration of errors contends that the court erred in failing to grant him a new trial for all of the reasons set forth in his motion for a new trial.

It appeared from the evidence that on the day of the fire, which damaged the premises, defendant's employees were engaged in the defendant's shop in welding on the body of an automobile; that they had been so engaged for several hours preceding "quitting time", and that on several occasions due to sparks emitted from the welding process or from heat therefrom insulation in the body of the automobile had been ignited, and it had become necessary to use water to extinguish it; that when defendant's employees so engaged quit for the day at about 5:30 p.m., they examined the automobile and the insulation thereof and saw no evidence of fire; that thereafter at about 8:00 o'clock in the evening, the defendant's sales manager and one of its salesmen were in the building, having remained there in an effort to close the sale of an automobile to a customer, and that they discovered that the interior of the automobile upon which welding had been done was in flames; that they made some efforts to secure workable fire extinguishers, but, upon doing so, were unable to extinguish the fire; that after a delay of some 8 or 10 minutes the fire department was called; that the firemen arrived approximately 15 minutes after the fire was discovered, by which time the fire had gained considerable headway, and that they were unable to extinguish it before it had done considerable damage to the building and contents. Such other evidence and facts as may be necessary to an understanding of the rulings made will be stated in the opinion.

This case was tried in June, 1965, prior to the effective date of the Appellate Practice Act of 1965, and the appeal taken after the effective date thereof. Accordingly, certain rulings which we here make with respect to the charge must be viewed as having been made under the former law, rather than the present.

■ In connection with the 4th enumeration of error the ap-

pellant contends that the trial court committed error in permitting the defendant to inject the issue of insurance into the case. In substance this contention is based on the ruling of the trial court in connection with several separate instances upon which counsel for the defendant sought to elicit from the plaintiff, by one form of question or another, an admission that he had not in fact been harmed by the fire which damaged or destroyed the premises in question, since his insurance carrier had paid him for the loss, including a sum for loss of rentals under coverage providing therefor. The record shows, and the brief of counsel for appellant admits, that on each occasion when counsel for the defendant sought to question the plaintiff in this regard the court sustained the objection of counsel for plaintiff and excluded testimony to that effect. Appellant contends that these references to insurance were in the presence of the jury, were expressly against a prior ruling of the court that such evidence would not be relevant or material, and that the harmful and prejudicial nature of the evidence was not removed from the jury's mind by its mere exclusion. If this were so, the obvious remedy available to the appellant was a motion for a mistrial, but no such motion was made. The record shows that the only ruling of the court relating to the admissibility of this evidence was one invoked by the appellant, and that the court granted to the appellant all the relief he sought in his motion. The appellant cannot now be heard to complain of rulings favorable to him in the absence of a showing that by some appropriate motion he invoked some further relief from the court which was denied him. *Hardin v. Almand,* 64 Ga. 582 (4), 594; *Southern Cotton Oil Co. v. Thomas,* 155 Ga. 99 (5), 107 (117 SE 456); *Wheat v. State,* 187 Ga. 480 (6) (1 SE2d 1); *Neff v. Daniel,* 51 Ga. App. 106 (179 SE 656); *Tucker v. State,* 94 Ga. App. 468 (1) (95 SE2d 296). The 4th enumeration of error does not show harmful or reversible error.

■ The 7th and 8th enumerations of error make the contention that the court erred in sustaining the objections of the defendant to testimony of two named witnesses to the effect that the defendant did not request that the plaintiff make repairs to the damaged premises. There is no merit in this con-

tention.  Under the provisions of Paragraph 11 of the lease contract the duty of the plaintiff to repair the premises, if merely damaged or partially destroyed by fire resulting from an accident or an act of God unmixed with any negligence of defendant, was plain, and the right of the defendant to treat the lease as terminated if the premises were totally destroyed by fire was also plain.  No duty was imposed upon the defendant-lessee to request or make demand for repairs when required by the terms of the lease, and whether any such request was ever made or not was wholly irrelevant to the issues in the case. Whether or not the premises were totally destroyed or only damaged by the fire was a jury question, but the failure of the defendant to demand or request that the plaintiff make repairs could in no way affect the rights of the parties under the lease contract.

In the 9th enumeration of error appellant contends that the court erred in permitting the appellee to elicit from a witness, who was an insurance claims adjuster, his opinion as to what estimates for repairs to the premises he thought were too high, on the ground that such testimony was an expression of an opinion and harmful and prejudicial to the appellant.  In the brief of appellant it is argued, in connection with this ground of enumerated error, that the court erred in permitting appellee to call this witness for cross examination to testify as an agent of a named insurance company because there was no evidence in the record that he was such an agent, and because the insurance company was not a party to the suit.  In connection with these contentions of error we think it is well to point out that, notwithstanding any provisions of the 1965 Appellate Practice Act, this court is still a court solely for the trial and correction of errors of law committed in the trial court.  Constitution, Art. VI, Sec. II, Par. VIII (*Code Ann.* § 2-3708).  The Appellate Practice Act had no purpose other than to simplify the procedure for bringing cases to the appellate court, and nothing therein should be construed as changing the time-honored and fundamental rule stemming from the very nature of appellate jurisdiction that neither this court nor the Supreme Court will consider, nor do they in fact have jurisdiction to consider, any

question unless it has been raised in the first instance in the trial court. *Gunn v. Wilson Co.*, 20 Ga. App. 14, 16 (92 SE 721); *Patterson v. Parrish*, 36 Ga. App. 147, 148 (135 SE 847); *Atlantic Bitulithic Co. v. Maxwell*, 40 Ga. App. 483, 488 (150 SE 110); *Selman v. Manis*, 100 Ga. App. 422, 426 (111 SE2d 747); *Velkey v. Grimes*, 214 Ga. 420 (105 SE2d 224). See Supreme Court Rule 7, 220 Ga. 910.

While the technical niceties which were applied by the appellate courts to assignments of error no longer obtain, there still devolves upon the appellant the duty of showing by the record and transcript sent to this court that harmful error was committed in the trial court just as the plaintiff in error had such duty under the former procedure. *Tucker v. Colquitt County*, 109 Ga. App. 627, 628 (1) (137 SE2d 87); *Hall v. State*, 202 Ga. 619, 620 (2) (44 SE2d 234). In the brief of appellant, in his argument in regard to this contention, reference is made to a specific portion of appellant's "Memorandum of Objections" made a part of the transcript sent to this court. The portion of this memorandum referred to shows that when this witness was called by the attorney for the defendant he announced that he was calling the witness as an agent for a named insurance company. Counsel for the plaintiff stated, "Your Honor, we would object to that. There's no testimony whatsoever that Mr. Lyon is any agent of the National Union Fire Insurance Co." To which the attorney for the defendant replied, "Well, we can develop the testimony and argue about it at that time." So far as appears from the memorandum of objections and from the other portions of the record to which our attention has been directed, no further objection was made by counsel and no ruling of the court invoked respecting this witness. Assuming, but not deciding, that the announcement that he was being called "as agent" of the insurance company was objectionable, it does not appear that any objection to his testifying as such was again presented to or ruled upon by the court. It is apparent from the colloquy reported that insofar as the objection, made at the time the witness was called, was concerned, it was abandoned by the plaintiff, and since it was not renewed, there is no question presented by this enumeration of error for this court's decision.

The only objection shown to have been made to the testimony of this witness that the bids were too high was a mere general objection in the following language: "We would object to this line of questioning as to any bids that Mr. Lyon may have thought too high." This was entirely too general an objection to present any question for the trial court's decision, and the court did not err in overruling it. *McDonald v. State,* 21 Ga. App. 125 (6) (94 SE 262); *Georgia R. & Bkg. Co. v. Lokey,* 69 Ga. App. 403, 409 (3) (25 SE2d 921); *Legg v. Legg,* 165 Ga. 314 (1) (140 SE 868).

■ One of the issues sought by the defendant to be injected into the case which was excluded by the court was evidence tending to show that the plaintiff had assigned his cause of action on account of the fire to his insurance carrier. Plaintiff objected to such evidence, and the court excluded it. The reasoning behind this ruling is not apparent, but no question as to this is presented for our consideration because, while the exclusion of this evidence is made the subject of a cross appeal, the defendant failed to file its enumerations of error and brief in support thereof within the time required by law, and for this reason, of course, the cross appeal cannot be considered and must be dismissed. Defendant did elicit from the plaintiff on cross examination, however, and no objection appears to have been interposed thereto, testimony substantially to the effect that he surrendered or turned over to the insurance company two insurance policies. Thereafter, counsel for both parties stipulated that a named witness, a representative of the insurance company, would, if he were present, testify that the insurance company did not have the policies and that they were unable to locate them and produce them pursuant to a subpoena duces tecum with which they had been served. Counsel for the plaintiff in making this stipulation reserved the right to object to such evidence on the basis that it was not relevant or material to the issues in the case. The court overruled plaintiff's objection to the admission of this stipulation on the theory that it was admissible as touching the credibility of the plaintiff. This ruling is made the basis of the 10th enumeration of error.

If it could be said that the admission in evidence of this

stipulation was in any way error, it is not apparent that it was harmful to the plaintiff. It is doubtful that it could have had much effect for the limited purpose for which the court admitted it, since testimony by a representative of the insurance company that they were unable to locate the policies, or did not have them so as to be able to produce them pursuant to subpoena, was not necessarily contradictory to the testimony of the plaintiff that he had turned them over to the insurance company. Inasmuch as testimony by the plaintiff on cross examination relative to this matter had been admitted without objection, it was certainly not harmful error for the court to submit to the jury for whatever it was worth the stipulation referred to.

■ In the 11th ground of enumerated error the appellant contends that the court erred in refusing to give to the jury a timely written request to charge on the doctrine of res ipsa loquitur which was substantially in the language approved by this court in *Macon Coca-Cola Bottling Co. v. Chancey*, 101 Ga. App. 166 (112 SE2d 811). We think that the court erred in this respect. The appellee contends in connection with this ground that since there was evidence as to the cause of the alleged fire and because the evidence in the case did not show that the fire *must* have been brought about by the negligence of someone that this doctrine or maxim was not applicable. It is true that the evidence in the case is virtually undisputed that the cause of the fire which damaged the premises originated in a spark unknowingly left by the person or persons welding on an automobile in the shop of the defendant. Notwithstanding the fact that the welders testified that they saw nothing to indicate a fire in the insulation in the automobile when they left the premises at the end of the day's work, and that one witness testified they looked and checked to see whether there was any smoldering before they left, we think that the jury would have been authorized to find from this evidence and from the circumstances otherwise shown by the evidence that the fire resulted from the negligence of someone. This is true because the uncontradicted evidence showed that the fire originated in, and at first was confined to, the automobile on which defendant's

employees had been welding approximately two and one-half hours before it was discovered. The substance of the appellee's contentions with respect to this ground of enumerated error seems to be that where the plaintiff introduced some evidence of the defendant's negligence, and where the evidence did not demand a finding that the plaintiff's damages resulted from the negligence of someone, but would have authorized the jury to find that the damage could have resulted from an act of God or other casualty unmixed with the negligence of anyone, then the doctrine of res ipsa loquitur is not applicable to the case and should not be submitted to the jury.

These conflicting contentions might induce us to enter into a prolonged and lengthy discussion of the doctrine of res ipsa loquitur. However, we are mindful of Judge Hill's comment in *Cochrell v. Langley Mfg. Co.*, 5 Ga. App. 317, 322 (63 SE 244), that the maxim "has been a prolific inspiration to much useless and wasted juridic erudition," and we will, therefore, content ourselves with saying merely that under the particular facts of this case the jury would have been authorized to apply the doctrine had they seen fit to do so, and it was error for the trial court to refuse to charge the jury in accordance with the request. The scholarly discussion by Judge Bell in the recent case of *Harrison v. Southeastern Fair Assn.*, 104 Ga. App. 596 (122 SE2d 330), where substantially the same contentions were made, contains the complete answer to the appellee's contentions in this regard and demonstrates to our minds beyond any doubt that the doctrine was necessarily involved in this case, and that the court should have instructed the jury with respect thereto. See also to the same effect *Macon Coca-Cola Bottling Co. v. Chancey*, 216 Ga. 61 (114 SE2d 517). The court erred in refusing to charge as requested.

■ The lease contract between the parties contained no express covenant generally obligating the lessee to be liable to the lessor for negligent damages to the premises. In Paragraph 10, the lessee did agree that it would be liable for any damage to heating, water, sewer, electrical, and sprinkler systems (if any) resulting from its negligence, and lessee agreed to keep and maintain the premises in good order and repair at its own ex-

pense and "to return said premises to lessor at the expiration of this lease in as good condition and repair as when first received, natural wear and tear, damage by storm, fire, lightning, earthquake or other casualty alone excepted." This clause and similarly worded clauses contained in lease contracts have been construed by the Georgia courts a number of times, and it is now settled that where a lease contract containing such a clause gives to the lessee exclusive possession and control of the premises, only such casualties as amount in law to accidents or acts of God will relieve the lessee of liability to repair when the premises are damaged during the term of the lease. *Oakland Motor Car Co. v. Rippey Motor Co.*, 41 Ga. App. 784 (154 SE 823); *Stone Mountain Indus. v. Bennett*, 112 Ga. App. 466, 469 (2) (145 SE2d 591). This means, of course, that the lessee is liable to the lessor if he returns the premises in a damaged condition, if such damage was caused by the default or negligence of the lessee. Conversely, the lessee would not be liable where the damage or destruction of the premises resulted from an accident unmixed with any negligence or carelessness on the part of it or its agents and servants, or where such damage or destruction was caused solely by the lessor or by third parties.

In the plaintiff's "Request to Charge No. 7", he asked the court to charge the jury as follows: "I charge you that if, from the preponderance of the evidence, you find that the defendant failed to keep the leased property in good repair, your verdict will be for the plaintiff in the amount by which the property's fair market value was diminished by the defendant's failure to keep the property in good repair." As applied to the facts in this case this request stated an incorrect principle of law because it sought to impose upon the defendant absolute duty to repair the premises, whereas this duty was clearly limited to such damage as resulted from defendant's negligence. The court, therefore, properly refused this request.

Plaintiff's "Request for Charge No. 8" is as follows: "I charge you that if, from the preponderance of the evidence, you find that the defendant is guilty of negligence in damaging the heating, water, sewer, electrical and sprinkler systems, then the plaintiff is entitled to recover from the defendant in the amount

by which the fair market value of each such negligently damaged system has been diminished." This request was properly refused because there was no evidence from which the jury could have found the diminished value of the heating, water, sewer, electrical and sprinkler systems. While there was evidence as to the replacement costs of some of these systems, this was not necessarily equivalent to the diminished value of the systems, and since as to some of them there was no evidence at all, the court properly rejected this requisite as not being adjusted to the evidence.

Finally, with respect to the plaintiff's request to charge No. 10, which was refused by the court, this request would have had the court instruct the jury that in the event they "should find that the building fire damage was not caused by the defendant's negligence [and] was repairable within the meaning of the lease then in such an event" they should find for the plaintiff. From what has been said above it is clear that as respects the diminished value of the premises resulting from the fire (as distinguished from the lost rentals) this request was incorrect since it would have authorized the jury to assess damages against the defendant for such diminished value, notwithstanding the applicable law that the lessee was not liable unless such damage resulted from its negligence. It follows, therefore, that none of these requests to charge was meritorious, and the appellant's 12th, 13th and 14th enumerated errors show no cause for a reversal.

■ None of the portions of the charge as complained of in enumerations of error 15 through 20 requires a reversal of the case. The court fully and repeatedly charged the jury that if they should find that the fire which damaged or destroyed the premises was the result of negligence on the part of the defendant-lessee, the jury would be required to return a verdict for the plaintiff for the diminished value of the premises. It has been many times held, both by this court and the Supreme Court, that a portion of a charge excepted to as being erroneous because it was an incomplete statement of all the law applicable and pertinent to the proposition being charged is not for that reason alone error where the court elsewhere fully instructed

the jury thereon. The court cannot instruct the jury as to every qualification and exception or limitation to which a particular proposition may be subject in immediate connection therewith, it being sufficient if the charge as a whole fully informs the jury as to the law applicable to the issues which they are trying. A charge which is pertinent and legal and adjusted· to the evidence in the case is not necessarily rendered erroneous by the failure to charge in immediate connection therewith another pertinent and legal proposition. *Burton & Class v. Connell,* 84 Ga. App. 106, 109 (2) (65 SE2d 620); *City of Decatur v. Robertson,* 85 Ga. App. 747, 750, 751 (3, 5) (70 SE2d 135); *Brown v. Carmanni,* 100 Ga. App. 116, 120 (2) (110 SE2d 543); *Williams v. Vinson,* 104 Ga. App. 886, 892 (3) (123 SE2d 281, 91 ALR2d 889). All of the alleged errors, as complained of in enumerations 15 through 20, were of the nature indicated by the foregoing propositions of law and do not show cause for a reversal.

■ Appellant contends in connection with the first three of his enumerated errors that the verdict was contrary to law and the evidence and without evidence to support it, and in effect that a verdict for the plaintiff in some amount was demanded as a matter of law. No motion for a judgment notwithstanding the verdict was made, but assuming that the first three enumerations of error present questions upon which this court may pass, since the judgment is being reversed on other grounds, and the evidence may not be the same on another trial, we need not pass on this contention.

Finally, appellant contends that the order appealed from overruling the motion for a new trial, which was on all of the grounds enumerated as error, was erroneous. For the reasons set forth in Division 5 of the opinion the court should have granted a new trial, and the failure of the court to· grant a new trial requires that the judgment appealed from be reversed.

*Judgment reversed on main appeal; cross appeal dismissed. Felton, C. J., and Pannell, J., concur.*